IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| | ) | CR 13-135 |
| | ) | CV 15-1603 |
| v. | | |
| CHARLES HOWARD, III | | |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty to two counts, one of violating 18 U.S.C. §§ 922(g)(1) and 924(e), and one of violating 21 U.S.C. §841(a)(1). On December 12, 2014, the Court sentenced him to concurrent terms of imprisonment of 180 months, followed by a term of supervised release. Defendant has filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255.[1] For the following reasons, Defendant's Motion will be denied.

### OPINION

#### I. LEGAL STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). "To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional

---

[1] This matter was transferred to my docket on December 1, 2016.

1

violation lurks in the wings"; as a result, vague and conclusory allegations do not justify a hearing. David v. United States, 134 F.3d 470, 478 (1st Cir. 1998). Further, pro se pleadings are to be liberally construed, and I have considered Defendant's submissions accordingly. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

**II. DEFENDANT'S MOTION**

Defendant contends that counsel was ineffective in several respects, related to failures to challenge searches of his home and vehicle and to properly deal with Defendant's guilty plea, and for failing to challenge ACCA enhancements. The Government argues that Defendant's Motion is meritless.[2]

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also

---

[2] The Government suggests that the appellate waiver in Defendant's plea agreement functions, essentially, as a waiver of his collateral attack rights. I have previously rejected this argument, and do so again now. United States v. Anker, No. 16-420, 2016 U.S. Dist. LEXIS 113476, at *3 (W.D. Pa. Aug. 25, 2016).

Gray, 878 F.2d at 709-13. The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 700.

"It is… only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." Gray, 878 F.2d at 711.  Accordingly, a guilty plea may be withdrawn based on ineffective assistance of counsel only if "(1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." United States v. Maynard, 152 F. App'x 191 (3d Cir. 2005).  Moreover, counsel is not ineffective for failing to raise meritless claims. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998).  Consistent with these principles, when a client is presented with a plea, an attorney's advice "need not be perfect, but it must be reasonably competent. His advice should permit the accused to make an informed and conscious choice." Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974). (citations and internal quotation marks omitted).  I am mindful, too, of the "fundamental interest in the finality of guilty pleas." Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

In this context, I note that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).  "A plea of guilty is a statement under oath, not a stopgap option to be discarded when it is no longer useful." United States v. Ho-Man Lee, No. 13-29, 2015 U.S. Dist. LEXIS 56138, at *33 (D.N.J. Apr. 28, 2015).

3

1. **ACCA Enhancement**[3]

Defendant received a mandatory minimum sentence, pursuant to his Rule 11(c)(1)(c) agreement and Section 924(e), of 180 months, or fifteen years. He avers that the predicate crimes relied on therefor are, for various reasons, invalid; counsel, he contends, was ineffective for failing to mount a challenge to those predicate offenses.

Section 924(e) defines the term "serious drug offense" to include the following:

> [A]n offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law…

18 U.S.C. § 924(e)(2)(A).

The categorical/modified categorical inquiry is applicable to a determination of whether predicate offenses qualify as ACCA "serious drug offenses." United States v. Somerville, 618 F. App'x 69, 71 (W.D. Pa. 2015). Moreover, the statute of conviction at issue here, 35 Pa. Cons. Stat. § 780-113(a)(30), is divisible as to both conduct and controlled substance. See, e.g., United States v. Henderson, 841 F. 3d 623, 629 n. 5 (3d Cir. 2015). Therefore, documents approved in Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), may be used to determine whether a defendant's prior convictions under Section 780-113(a)(30) fall within the ACCA's definition of "serious drug offense." Id. at 142. A presentence report ("PSR") can be a Shepard document when the defendant does not object to the factual account of a crime therein. United States v. Siegel, 477 F.3d 87, 93 (3d Cir. 2007). In addition, there can be no dispute that a charging instrument is properly considered. United States v. Jackson, 2016 U.S. Dist. LEXIS 160758 (W.D. Pa. Nov. 18, 2016).

---

[3] Contrary to the Government's suggestion, Defendant's plea agreement does not necessarily undermine his Johnson argument. See United States v. Wolf, No. 4-347, 2017 U.S. Dist. LEXIS 25969, at *14 n. 3 (M.D. Pa. Feb. 24, 2017) (collecting cases).

It is clear that a conviction under 35 Pa.C.S. § 780-113(a)(3) can serve as an ACCA predicate, if the controlled substance involved carries a maximum sentence of at least ten years. United States v. Zareck, 662 F. App'x 110 (3d Cir. 2016). Possession with intent to deliver cocaine, and delivery of cocaine, are properly characterized as "serious drug offenses" under ACCA. United States v. Al-Akili, 578 F. App'x 107, 109 (3d Cir. 2014); United States v. Chambers, 597 F. App'x 707, 712 (3d Cir. 2015).

In this case, the PSR indicates that the suggested ACCA enhancement was based on four prior convictions for state drug offenses. The PSR recited facts for each such conviction, indicating that crack cocaine was involved in each. The Court provided the opportunity to object to the PSR, and Defendant raised no objection. The Government has supplied state court information filed in docket Nos. 2000-12144, 2001-10748, and 2007-671, as referenced in the PSR. In each, the information charges Defendant with violations of 35 P.S. § 780-113(a)(30), and specifies cocaine as the controlled substance involved.[4] Accordingly, Defendant's ACCA sentence was based on sufficient predicates. Counsel was not ineffective for failing to challenge the enhancement, and there is no reasonable probability that the outcome would have differed had counsel raised on objection.

**2. Remaining Issues**

Next, Defendant contends that counsel was ineffective in various respects, such as when he failed to challenge searches of a vehicle and Defendant's residence, on various grounds; failed to address the lack of Miranda warnings; failed to bring forth certain witnesses; and misguided him into an uninformed plea. As to the latter, Defendant appears to suggest that he believed he was pleading to all of the charges, but only plead to some. Although the details of each

---

[4] In the information at docket number 2001-7339, no controlled substance is specified.

contention are not fully set forth here, the Court has reviewed the facts and argument presented by both Defendant and the Government, alongside the entire record and applicable law.

Here, Defendant pleaded guilty pursuant to a Rule 11(c)(1)(C) agreement, and the record reflects that the Government, in exchange for Defendant's agreement, declined to pursue an additional firearm charge under Section 924(c).  The PSR's factual account of the offense reflects that Defendant was Mirandized.  Defendant offered no objection to the PSR.  At Defendant's plea hearing, the following exchanges occurred:

> Court: What made you decide to plead guilty, Mr. Howard?
>
> Defendant: I just wanted to take responsibility for my crime.
>
> Court: You're admitting that you had possession of the gun, the one referred to in the first count of the indictment?
>
> Defendant: Yes.
>
> Court: And the second, and also the count of the information, and you're admitting that you did possess the cocaine, the crack?
>
> Defendant: Yes.
>
> \*\*\*\*
>
> Court:  Has he made confessions or admissions to the police or other representatives of the government concerning this matter…?
>
> Defense counsel: Yes, there were post-arrest statements.
>
> Court:  If for any reason you feel any confession or statement you made was not freely and voluntarily made, you are entitled to have an evidentiary hearing or what we sometimes call a suppression hearing prior to trial. They have me determine if the confession or admission or statement was freely and voluntarily made.  Would you want me to conduct a hearing like that?
>
> Defendant:  No.

Also at the Defendant's plea hearing, the Government read the terms of the parties' agreement into the record. The Court asked Defendant if the reading was consistent with his understanding of the agreement, and Defendant responded in the affirmative. The Government then narrated the facts that it intended to prove at trial. The Court then asked Defendant about the Government's recitation:

Court: Is that a pretty good rendition of what happened here, Mr. Howard?

Defendant: Yes.

Defendant and his counsel signed and dated the plea letter. The following language appears directly above Defendant's signature:

> I have received this letter from my attorney…have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. …

It is wholly unclear how the plea negotiations or counsel's approach to witnesses prejudiced Defendant, or how the outcome of the proceeding would have been different had counsel acted differently. Indeed, it is unclear precisely how counsel is alleged to have failed in these respects. Defendant's general, bare contentions, such as that counsel "misguided him into making an unintelligent and uninformed plea for part of the charges were [sic] I believed I plead to all" does not provide sufficient foundation for a finding of either ineffectiveness or prejudice under the circumstances. Given the entirety of the record, there are no grounds for concluding that counsel's conduct was inadequate. With regard to the alleged Fourth Amendment violations, the facts presented do not demonstrate that counsel's conduct fell below an objective standard of reasonableness, and there is no reasonable probability that a challenge would have

changed the outcome of the proceedings. Overall, Defendant has not demonstrated that counsel's conduct failed to meet the standard imposed by <u>Strickland</u>.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated <u>supra</u>, Defendant has not made the required showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In conclusion, Defendant has not demonstrated that counsel was constitutionally ineffective, and that he suffered prejudice, as contemplated by applicable standards. Defendant's Motion will be denied, and no certificate of appealability shall issue. An appropriate Order follows.

### ORDER

AND NOW, this 12th day of May, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion [53] is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court